

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

### No. 07-22-00289-CR

JACOB JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 371st Criminal District Court
Tarrant County, Texas,
Trial Court No. 1701731R, Honorable Ryan Hill, Presiding

July 13, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Jacob Johnson, was convicted by a jury of one count of murder and a second count of aggravated assault with a deadly weapon (firearm);[1] he was sentenced to forty-five years and seventeen years confinement, respectively, with sentences to run concurrently.[2] In his appeal, his counsel filed an *Anders*[3] brief in support of a motion to

---

[1] *See* TEX. PENAL CODE ANN. §§ 19.02(b)(1), (c) (first-degree felony) and 22.02(a)(2), (b) (second-degree felony) respectively.

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalizations effort. *See* TEX. GOV'T CODE ANN. § 73.001.

withdraw.  We grant counsel's motion and affirm the judgment of the trial court.

The record reflects that on September 10, 2022, Castatanika Guy (driver) and Devonsha Richardson (passenger) were traveling Interstate 20 to an apartment complex when they noticed Appellant following them.  Guy and Appellant had been romantically involved.  According to testimony, Appellant's vehicle overtook Guy's car and pulled up to the passenger side.  Appellant then pulled a revolver and shot Richardson and Guy before striking their car and exiting Interstate 20.  Guy's car spun out of control ultimately hitting the guardrail where it stopped.  After exiting the car, Richardson discovered Guy's lifeless body and was taken to the hospital by ambulance.

At the hospital, Richardson identified Appellant as the person who shot Guy and him.  Richardson also identified Appellant out of a photo array.  At trial, Richardson again identified Appellant as the shooter.  Paint transferred from another vehicle to Guy's damaged vehicle appeared to match the paint of the vehicle associated with Appellant.  Appellant's vehicle was also identified as containing particles consistent with gunshot residue.

Appellant's counsel has certified that after diligently searching the record, he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Appellant's counsel provided Appellant with his motion to withdraw, a copy of his *Anders* brief, a *Pro Se Motion for Access to the Appellate Record* including the clerk's record and court reporter's record,

---

[3] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

and a request for an extension of thirty days from the date he receives the appellate record to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's brief. Appellant filed a response as did the State.

We have carefully reviewed counsel's *Anders* brief and conducted an independent review of the record to determine whether there are any nonfrivolous issues that were preserved in the trial court which might support an appeal. Like counsel, we conclude there are no plausible grounds for appellate review. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[4]

**Conclusion**

We affirm the trial court's order.

Lawrence M. Doss
Justice

Do not publish.

---

[4] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* Tex. R. App. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n. 33.